| | |
|---|---|
| 1 | John Shaeffer (SBN 138331) |
| 2 | jshaeffer@foxrothschild.com |
| | Benjamin H. McCoy (*pro hac vice motion pending*) |
| 3 | bmccoy@foxrothschild.com |
| | FOX ROTHSCHILD LLP |
| 4 | 10250 Constellation Blvd., Suite 900 |
| | Los Angeles, CA 90067 |
| 5 | Telephone:  310-228-4481 |
| | Facsimile:  310-556-9828 |
| 6 | |
| 7 | Attorneys for Defendant, |
| | AETNA HEALTH AND LIFE INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company, | Case No.: 8:19-cv-00777 |
| | Hon. David O. Carter |
| Plaintiff, | **STIPULATION and QUALIFIED PROTECTIVE ORDER** |
| v. | Complaint Served: 5/1/19 |
| AETNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 20, Inclusive, | |
| Defendants. | |

STIPULATION AND QUALIFIED PROTECTIVE ORDER

The parties to this action stipulate as follows:

### A. **Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information – including information covered by the Health Insurance Portability and Accountability Act of 1996 – for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter this Stipulation and Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

### B. **Good Cause Statement**

The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 et seq., and 1798.82 et seq. (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information. The parties agree to take all measures necessary to comply with the requirements of the Privacy Laws and any other applicable laws governing the privacy of personal and health information. Such measures include, but are not limited to, the development, implementation, maintenance, and use of appropriate administrative, technical, and physical safeguards, in compliance with the Privacy Laws and applicable state and federal

laws, to preserve the integrity, confidentiality, and availability of Protected Material (as defined below). The parties expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable state and federal law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such materials at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. **Acknowledgment of Under Seal Filing Procedure**

The parties further acknowledge that the attached Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal, and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material (as defined below) as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, highly confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought must be narrowly tailored to serve the specific interest to be protected. For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, must be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**D. Scope of Protection**

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural

rule or local rule of the Court and any supplementary disclosures thereto.

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that is reasonably foreseeable to reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

1. **Definitions**

The term "Confidential Information" shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as "CONFIDENTIAL" by the producing party.

The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, certain plan documents, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including

45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

 a. names;
 b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
 c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
 d. telephone numbers;
 e. fax numbers;
 f. electronic mail addresses;
 g. social security numbers;
 h. medical record numbers;
 i. health plan beneficiary numbers;
 j. account numbers;
 k. certificate/license numbers;
 l. vehicle identifiers and serial numbers, including license plate numbers;
 m. device identifiers and serial numbers;
 n. web universal resource locators ("URLs");
 o. internet protocol ("IP") address numbers;
 p. biometric identifiers, including finger and voice prints;
 q. full face photographic images and any comparable images; and/or
 r. any other unique identifying number, characteristic, or code.

The term "Technical Advisor" shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another

party's Confidential Information, including Confidential Health Information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall refer to extremely sensitive "Confidential Information," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## 2. Designation of Information

Documents and things produced or furnished during the course of this action shall be designated as containing Confidential Information, including Confidential Health Information, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript at the time of the deposition.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent.

A party shall designate information disclosed at a hearing or trial as Confidential Information by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

The parties will use reasonable care to avoid designating any documents or

information as Confidential Information that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is Confidential Information, rather than the entire document or deposition.

3. **<u>Disclosure and Use of Confidential and Highly Confidential Information</u>**

Information that has been designated Confidential or Highly Confidential shall be disclosed by the receiving party only to Qualified Recipients.[1] All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated Confidential shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 3 above.

Documents, papers and transcripts filed with the court that contain any other

---

[1] Unless otherwise noted, any references from here on out to "Confidential Information" shall also apply to "Highly Confidential Information" unless those references conflict with the definition of "Highly Confidential Information" set forth above.

party's Confidential Information shall be filed under seal.

4. **Qualified Recipients**

For purposes of this Order, the term Qualified Recipient means

    a.    Outside counsel of record for any party in this action, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    b.    Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

    c.    Witnesses who testify by deposition or at trial who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

    d.    Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

    e.    Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

    f.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

    g.    Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms

of this Order; and

    h.    The Court and its support personnel.

### 5. **Nonparties**

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections.

The parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of Confidential Information by filing a motion to intervene and a motion to de-designate.

### 6. **Inadvertent Failure to Designate**

In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

### 7. **Inadvertent Disclosure**

In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure

was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### 8. Challenge to Designation

At any time after the delivery of Confidential Information, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the Confidential Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the party disclosing or producing the Confidential Information shall have ten days from the date of certification to file a motion for protective order with regard to any Confidential Information in dispute. The party producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. If the party producing the Confidential Information does not timely file a motion for protective order, the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of designated Confidential Information is entitled to confidential treatment.

### 9. Conclusion of Action

At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information and to certify to the producing party such destruction or return. Such

return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

### 10. **Jurisdiction to Enforce Protective Order**

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

### 11. **Modification of Protective Order**

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

### 12. **Confidentiality of Party's Own Documents**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 13. **Compulsory Disclosure to Third Parties**

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand

or court order seeks Confidential Information, including Confidential Health Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

14. **Binding Effect**

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: August 12, 2019　　　　　　　　　FOX ROTHSCHILD LLP

By　/s/ John Shaeffer
John Shaeffer
Benjamin McCoy
Attorneys for Defendant,
AETNA HEALTH AND LIFE INSURANCE COMPANY

Dated: August 12, 2019　　　　　　　　　GARNER HEALTH LAW CORPORATION

By　/s/ Craig B. Garner
Craig B. Garner
T. Mark Tubis
Attorneys for Plaintiff,
ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC

*I, John Shaeffer, hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.*

STIPULATION AND QUALIFIED PROTECTIVE ORDER

**ORDER** – For Good Cause Shown, it is SO ORDERED.

Signed this  13th  day of  August , 2019

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AETNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.: 8:19-cv-00777<br><br>Hon. Judge David O. Carter<br><br>**Qualified Protective Order Undertaking**<br><br>Complaint Served: 5/1/19 |

**Appendix A**

**<u>PROTECTIVE ORDER UNDERTAKING</u>**

1. I,_____,

    declare that:

2. My address is _____.

    My current employer is _____.

    My current occupation is _____.

3. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

4. I will comply with all of the provisions of the Protective Order and agree to be bound by the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Confidential Information or information designated as "Confidential" that is disclosed to me.

---

STIPULATION AND QUALIFIED PROTECTIVE ORDER

5. Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "Confidential" or "Highly Confidential" that came into my possession and all documents and things that I have prepared relating thereto.

6. I understand that the obligations of this undertaking and the provisions of the Protective Order continue past the termination of the action.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature_____

Date _____